# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DRAKE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 5:13-cv-01446 ADS<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

## I.  INTRODUCTION

Plaintiff Michelle Drake's ("Plaintiff") counsel, Bill LaTour of the Law Offices of Bill LaTour ("Counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion").  The Motion seeks an award of $19,155.50 for representing Plaintiff in an action to obtain Social Security disability benefits, with a credit to Plaintiff for the fees previously awarded under the Equal Access to Justice Act ("EAJA") of $2,000, for a net fee of $17,155.50.  The parties have consented to the jurisdiction of the undersigned

-1-

United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court denies the Motion without prejudice.

**II.     RELEVANT BACKGROUND**

According to the Motion, on April 8, 2009, Plaintiff retained Counsel to represent her with her Title II Social Security Disability claim. Motion, Exhibits 1a and 1b.[1] On April 8, 2011, Plaintiff and Counsel entered into a "Fee Agreement – Federal Court", wherein it was agreed that Counsel would receive 25 percent of the past-due benefits that are awarded. Motion, Exhibit 6. An appeal of the denial of Plaintiff's benefits was filed, a hearing was held before an Administrative Law Judge ("ALJ"), and an unfavorable decision by the ALJ was issued on May 10, 2012. Motion, Exhibit 2. After a request for review was denied, on behalf of Plaintiff, Counsel filed a Complaint in Federal Court on or about August 27, 2013, alleging the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff benefits. [Docket ("Dkt.") No. 3]. On April 28, 2014, the Court entered a Judgment remanding the matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). [Dkt. 18]. Also on June 25, 2014, the Court issued an order awarding EAJA fees of $2,000, as stipulated to by the parties. [Dkt. 20].

On remand, the ALJ held a new hearing and on October 17, 2016, issued a "Notice of Decision – Fully Favorable", finding Plaintiff disabled as of her alleged onset date of October 15, 2009 and awarding back benefits due of $92,622. Motion, Exhibits 9 and 10. Plaintiff and Counsel were notified of the amount of the award, Medicare

---

[1] The Court references the exhibits Counsel attaches to the Motion, but does not rely on them as evidence. As set forth below, Counsel has failed to provide any authentication of the exhibits as required by the Federal Rules of Evidence.

-2-

benefits, and withholding of attorney fees by letter from the Social Security Administration, dated December 24, 2016. Motion, Exhibit 10. The copy of this letter submitted by Counsel includes a "Law Offices of Dr. Bill LaTour Received" date stamp of January 5, 2017. Motion, Exhibit 10.

More than a year and a half later, on June 15, 2018, Counsel filed this Motion, with purported notice given to Plaintiff. [Dkt. 21]. Plaintiff did not file an opposition or any response. On June 29, 2018, Defendant filed a Response to the Motion taking no official position on the reasonableness of the fee request, but pointing out the unusually high hourly rate that would result if the Motion were to be granted as requested. With the parties' consent, the case was reassigned to Magistrate Judge Autumn D. Spaeth for all further proceedings on August 10, 2018. [Dkt. No. 26].

## III. DISCUSSION

### A. Applicable Law

Attorneys who successfully represent Social Security claimants may petition for fee awards under 42 U.S.C. sections 406(a) and (b), and/or under the EAJA as applicable. Pursuant to 42 U.S.C. § 406(b) (Section 406(b)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social

-3-

Security benefits claimants and their counsel." Id. at 793. Aside from capping the contingency rate at 25 percent, Section 406(b) does not explain how courts should determine if requested attorney fees are reasonable. Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). In Gisbrecht, the Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 553 U.S. at 793. As the Ninth Circuit explained in Crawford, lodestar rules should *not* be applied by courts in cases where the plaintiff and attorney reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produce remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." Id. at 1148 (citing Gisbrecht, 535 U.S. at 808). "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require

-4-

counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id.

**B.   Analysis**

Here, Counsel seeks fees of $19,155.50, with an order to reimburse Plaintiff the amount of $2,000 for EAJA fees paid, resulting in a net attorney fee of $17,155.50.[2] According to the Motion, Plaintiff was awarded $92,622 in back benefits. Thus, Counsel seeks 18.5 percent of Plaintiff's back benefits. Counsel states that he expended 8.2 hours of attorney time and 3.5 hours in paralegal time in the representation of Plaintiff before this Court.[3] Motion, Exhibit 8a. The requested attorney fee award, based upon the "combined" attorney and paralegal time expended in representing Plaintiff in District Court, results in an hourly rate of $1,466.20.

The Court must deny this Motion for a number of reasons, though it does so without prejudice. First, Counsel submits no admissible evidence in support of the

---

[2] According to the Motion, Counsel was previously awarded $4,000 in administrative fees for representation before the Social Security Administration pursuant to 42 U.S.C. § 406(a). Fees awarded under Section 406(a) are *not* to be calculated into the 25 percent allowable contingent fees under Section 406(b). See Clark v. Astrue, 529 F.3d 1211, 1215-16 (9th Cir. 2008) (holding that 25 percent cap on fees under Section 406(b) is not a cap for total fees under Sections 406(a) and (b)); accord Labor v. Colvin, 631 Fed.Appx. 468, 468-69 (9th Cir. 2016).

[3] The Motion also makes reference to five additional paralegal hours that were spent in the preparation of the Motion itself. It is somewhat vague whether or not Counsel also seeks recovery of fees for these hours. There is no basis, statutory or contractual, however, for charging Plaintiff for the time spent by her attorney in litigating the attorney's claim to fees under Section 206(b). See Coup v. Heckler, 834 F.2d 313, 325 (3rd Cir. 1987), abrogated on other grounds by Gisbrecht, 535 U.S. 789; Craig v. Secretary, Dept. of Health and Human Services, 864 F.2d 324, (4th Cir. 1989), abrogated on other grounds by Gisbrecht, 535 U.S. 789. Accordingly, the Court considers only the combined 11.7 hours spent litigating Plaintiff's claim in Federal Court in determining whether the requested fee is reasonable.

-5-

Motion as required.  See Fed. R. Civ. P. 56(c)(4); Central District of California Local Civil Rules ("Local Rules") 7-5 and 7-6.  Counsel fails to submit a declaration with the Motion, with a breakdown or description of hours expended by him and his office or of the regular hourly rates charged in noncontingent cases.  Indeed, the Motion lacks a statement under oath by someone with personal knowledge of the time actually expended on behalf of the Plaintiff, or of the authenticity and veracity of any of the exhibits attached to the Motion.  A declaration made under penalty of perjury, and otherwise in compliance with the requirements of 28 U.S.C. § 1746, setting forth a breakdown of hours expended with regular hourly rates and authenticating and attaching any documents submitted as evidence, should have been submitted.  See Fed. R. Civ. P. 56(c)(4); Central District of California Local Civil Rules 7-5 and 7-6.  Based on the lack of any admissible evidence submitted with the Motion, Counsel has not met his burden of "establishing" that the fee sought is reasonable.  See Crawford, 586 F.3d at 1148.

Second, even if the exhibits to the Motion were properly presented as admissible evidence, the Court has a particular concern given the ambiguous language contained in the fee agreement submitted as Exhibit 6.  The applicable fee agreement states, Plaintiff understands "that the total fee could amount to several thousand dollars or several hundred dollars per hour on an hourly basis."  See Exhibit 6.  The Motion seeks fees far in excess of "several thousand dollars" and the requested combined attorney/paralegal hourly fee of $1466.20 is well above "several hundred dollars per hour."  Because the agreement is ambiguous, there is no evidence in this record that the Plaintiff understood that her attorneys' fees could be this high.  Indeed, there is no evidence that the Plaintiff still resides at the address to which Counsel served the Motion, particularly given the significant delay in the filing of the Motion as discussed below.  Thus, as there is no

admissible evidence in the record, the Court does not feel comfortable that Counsel has established his client's consent as a fact to be considered by the Court.

The Court is also concerned about the significant delay in filing the Motion. According to the documents attached to the Motion, Counsel received the Social Security Administration's December 24, 2016 letter notifying him of Plaintiff's back benefits and the withholding of attorney fees by no later than January 5, 2017. Counsel did not file the Motion until June 15, 2018, a year and a half later. As such, this Court is concerned about the timeliness of the Motion. If Counsel chooses to file a renewed motion, Counsel must address the issue of whether the motion is timely. The Ninth Circuit has not yet considered the issue of when a motion for Section 406(b) fees must be filed in order to be timely, and there is a split among other circuits as to whether there is a fourteen day filing deadline under Fed. R. Civ. P. 54(d)(2), or whether the "reasonable time" standard of Fed. R. Civ. P. 60(b)(6) applies. Compare Walker v. Astrue, 593 F.3d 274, 280 (3rd Cir. 2010) (holding Fed. R. Civ. P. 54(d)(2) is the appropriate avenue through which counsel can seek attorney fees following a Section 406(b) administrative remand and that the fourteen day filing deadline begins to accrue upon counsel being notified of an award issued by the Commission); Pierce v. Barnhart, 440 F.3d 657, 663-64 (5th Cir. 2006); Bergen v. Commissioner of Social Sec., 454 F.3d 1273, 1277 (11th Cir. 2006); with McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006) (holding that the "reasonable time" standard of Fed. R. Civ. P. 60(b)(6), which allows a court to relieve a party or its legal representative from a final judgment, order or proceeding for any reason that justifies relief applies to Section 406(b) motions). Under application of either standard, at present and on this record, for the reasons stated above, the Court views Counsel's Motion as untimely.

## IV. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Counsel's Motion for Attorney Fees Pursuant to 42 U.S. C. § 406(b) is DENIED without prejudice.

IT IS SO ORDERED.

DATE: September 11, 2018

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge